UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY JOE JOHNSON,

    Plaintiff,

    v.                                     CAUSE NO. 3:23-CV-317-JD-MGG

SOUTH BEND INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Billy Joe Johnson, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Johnson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson is incarcerated at the St. Joseph County Jail. He claims that since September 2022, he has been "a victim of sexual harassment and bias." As he describes it:

> Staff have use[d] illegal act[s] of sex to place my life in danger by performing these acts with people they are letting come into county jail . . . that are from 876, 863, 574, 662 area codes. They are mainly from Michigan and Mississippi area and a few from South Bend. The reason I'm suing is because these people are coming into the system trying to cause harm to me by betraying to be officer [sic] and half the officer[s] are from the area of Michigan.

(ECF 1 at 2.) He does not provide any additional details about how he has been sexually harassed, other than to state that these events have caused him "paranoia" and "nerve damage." He seeks monetary damages of $2 million for pain and suffering.

Although Mr. Johnson is at the county jail, he makes clear in the complaint that he has already been convicted of a criminal offense (ECF 1 at 3), and thus his rights arise under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Id.*; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]ot every psychological discomfort a prisoner endures amounts to a constitutional violation," but conduct "intended to humiliate and inflict psychological pain" that is "totally without penological justification" can violate the Eighth Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

Here, Mr. Johnson has not provided enough detail to state a plausible claim. He does not clearly allege who is sexually harassing him or how. He appears to state that

2

staff at the jail are having sexual relations with individuals coming into the jail from out of state, but it is unclear how this would have caused Mr. Johnson "nerve damage" or other injury. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Additionally, he has not identified anyone who could be held responsible for a constitutional violation. He sues the Mayor of South Bend, but liability under 42 U.S.C. § 1983 is based on personal responsibility, and there is no indication from his complaint that the Mayor had any personal involvement in these events. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He also names the City of South Bend, but it does not appear that the individuals about whom he is complaining---workers at the St. Joseph County Jail---are City employees. Even assuming they are, the City "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Mr. Johnson does not allege that the City has an official policy that caused him injury, nor has he provided enough detail for the court to plausibly infer that there is a widespread practice at play, rather than the actions of a "few rogue employees." *Id.* He

3

has not alleged a plausible claim against this municipal defendant. He also names the jail as a defendant, but this is a physical structure, not a "person" or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 2, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 1, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT