UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BILLY JOE JOHNSON,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-317-JD-MGG

SOUTH BEND INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Billy Joe Johnson, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Johnson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court begins by noting that proceedings in this case have been somewhat confusing. The court screened Mr. Johnson's original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. The court afforded him an

opportunity to file an amended complaint before dismissing the case. (ECF 5.) He responded by filing the present amended complaint.[1] (ECF 6). However, he then sent the court letters appearing to ask for additional time to amend his complaint again. (ECF 8, 9.) His request was granted, but he was cautioned that if he did not file a second amended complaint by the deadline, his amended complaint filed on May 8, 2023, would be treated as the operative pleading. (ECF 10.) The deadline has passed and he did not file a second amended complaint.

He recently sent the court a letter asking that the Mayor of South Bend (a defendant named in the original complaint) be "cleared" of any wrongdoing, but the Mayor is not named as a defendant in the amended complaint. (ECF 11; *see also* ECF 6.) He also appears to ask that he be permitted to "drop" the case while preserving the right to assert his claims at a later date. (*Id.*) However, the court already determined that the case is subject to dismissal under 28 U.S.C. § 1915A, and a dismissal under 28 U.S.C. § 1915A will cause Mr. Johnson to incur a "strike." 28 U.S.C. § 1915(g). Allowing him to file a complaint, obtain a determination that it is subject to dismissal under 28 U.S.C. § 1915A, and then withdraw his complaint without prejudice would, in effect, permit him to file an endless number of frivolous lawsuits without incurring a single strike. That would undermine the purpose of the Prison Litigation Reform Act. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 874 (7th Cir. 2019) (purpose of the PLRA "was to rein in the flood of prisoner litigation—all too often frivolous or vexatious" which was

---

[1] He also filed another motion for leave to proceed in forma pauperis (ECF 7), but this motion is unnecessary because he has already been granted leave to proceed in forma pauperis in this case. (ECF 4.)

"clogging the courts"); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) (PLRA should not be applied in a manner that permits prisoners to skirt the three-strikes provision). Because he cannot be granted leave to "drop" the case without incurring a strike, the court will consider whether his amended complaint states a claim for relief.

According to the amended complaint, Mr. Johnson is incarcerated at the St. Joseph County Jail. He names three individuals as defendants: Tracy Ramsey, Samantha Kelly, and Shamika Jordan. As best as can be discerned, he claims these individuals entered an apartment where he was living in April 2021 and "place[d] some type of sleeping gas" over his nose, causing him to pass out. He claims he was kidnapped and taken to a location in Elkhart, Indiana, where surgery was performed to remove some of his organs. He claims these individuals also placed "shocks" in his heart "to keep it beating," which he continues to feel at present. He further claims that he has a "funny taste in [his] mouth," which he attributes to the actions of these individuals. He claims he contacted the local police department to report what happened to him, but no one responded. He asks that the three women be criminally prosecuted and that he be awarded money damages "so [he] can live a normal life again."

Even giving him the inferences to which he is entitled, he has not stated a plausible claim for relief. The court finds his allegations that these three women kidnapped him, harvested his organs, and placed a "shock" in his heart in the realm of "fantastic" or "delusional." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). There is also no indication from his allegations that the women are state actors who can be sued for constitutional

violations. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). To the extent he is trying to initiate federal criminal charges against any of the defendants, he has no authority to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *U.S. v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

Therefore, the amended complaint does not state a claim upon which relief can be granted. The court has already permitted him to amend his complaint and finds no basis to conclude that if given another opportunity, he could state a plausible federal claim based on what he has already alleged. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 7);

(2) DISMISSES this case under 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on July 10, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4